CASE NO. 22-40332

IN THE

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

UNITED STATES OF AMERICA,
                    Plaintiff - Appellee

V.

EHAB SADEEK,
                    Defendant - Appellant

Appeal from the United States District Court
For the Southern District of Texas

BRIEF FOR THE APPELLANT

GROSS & ESPARZA, P.L.L.C.
MICHAEL C. GROSS
1524 North Alamo Street
San Antonio, Texas 78215
(210) 354-1919
(210) 354-1920 Fax

Attorney for the Appellant,
EHAB SADEEK

**CASE NO. 22-40332**

---

**IN THE**

**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

---

**UNITED STATES OF AMERICA,**
                **Plaintiff - Appellee**

**V.**

**EHAB SADEEK,**
                **Defendant - Appellant**

---

**CERTIFICATE OF INTERESTED PERSONS**

---

The undersigned counsel of record certifies that the following listed persons and entities as described in this Court's Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

Mr. Ehab Sadeek, the Appellant

Counsel for Mr. Sadeek on appeal:

    Mr. Michael C. Gross, San Antonio, Texas

Counsel for Mr. Sadeek at trial:

Mr. Stephen W. Byrne, Corpus Christi, Texas

Counsel for the United States:

Ms. Sara B. Popejoy, AUSA, Corpus Christi, Texas

Mr. Dennis E. Robinson, AUSA, McAllen, Texas

Ms. Molly K. Smith, AUSA, McAllen, Texas

Ms. Carmen Mitchell, AUSA, Houston, Texas

The Honorable David S. Morales, United States District Court for the Southern

District of Texas, Corpus Christi Division

/s/ Michael C. Gross
Michael C. Gross,
Attorney of Record for the Appellant,
Ehab Sadeek

## STATEMENT REGARDING ORAL ARGUMENT

The Defendant-Appellant requests oral argument because the issues involved are complex in nature and are of constitutional dimension.  A proper resolution of these issues requires that the Court have an opportunity to pose appropriate questions to counsel in oral argument so that the issues may be explored and amplified.

# TABLE OF CONTENTS

PAGE

CERTIFICATE OF INTERESTED PERSONS. . . . . . . . . . . . . . . . . . . . . . . . . . . ii

STATEMENT REGARDING ORAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . iv

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

STATEMENT OF JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE ISSUES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

POINT ONE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

> THE DISTRICT JUDGE REVERSIBLY ERRED BY ORDERING THE APPELLANT TO PAY $5,000.00 AS AN ASSESSMENT PURSUANT TO THE JUSTICE FOR VICTIMS OF TRAFFICKING ACT FOR A CONVICTION OF 18 U.S.C. § 1470, TRANSFER OF OBSCENE MATERIALS TO A MINOR.

POINT TWO. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

> THE DISTRICT JUDGE REVERSIBLY ERRED BY OVERRULING THE APPELLANT'S OBJECTION TO ADDING FIVE LEVELS TO THE COMBINED ADJUSTED OFFENSE LEVEL PURSUANT TO USSG § 4B1.5(b)(1) BECAUSE THERE WAS NO PATTERN OF ACTIVITY INVOLVING PROHIBITED SEXUAL CONDUCT.

POINT THREE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

THE DISTRICT JUDGE REVERSIBLY ERRED BY OVERRULING THE APPELLANT'S OBJECTION TO THE CROSS REFERENCE TO USSG § 2A3.1 BECAUSE THE APPELLANT DID NOT USE FORCE AGAINST THE COMPLAINANT.

STATEMENT OF FACTS REGARDING
POINTS ONE THROUGH THREE . . . . . . . . . . . . . . . . . . . . . . . . . . 4

ARGUMENT AND AUTHORITIES IN SUPPORT OF
POINT ONE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

ARGUMENT AND AUTHORITIES IN SUPPORT OF
POINT TWO . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

ARGUMENT AND AUTHORITIES IN SUPPORT OF
POINT THREE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

CONCLUSION AND PRAYER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

## **TABLE OF AUTHORITIES**

### **Cases**

*Conn. Nat'l Bank v. Germain*, 503 U.S. 249,
        112 S.Ct. 1146, 117 L.Ed.2d 391 (1992). . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Holguin-Hernandez v. United States*, ___U.S.___,
        140 S.Ct. 762, 206 L.Ed.2d 95 (2020). . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Johnson v. United States*, 520 U.S. 461,
　　117 S.Ct. 1544, 137 L.Ed.2d 718 (1997) . . . . . . . . . . . . . . . . . . . . . . . . 10

*Puckett v. United States*, 556 U.S. 129,
　　129 S.Ct. 1423, 173 L.Ed.2d 266 (2009) . . . . . . . . . . . . . . . . . . . . . . . . 11

*Rotkiske v. Klemm*, ___U.S.___,
　　140 S.Ct. 355, 205 L.Ed.2d 291 (2019) . . . . . . . . . . . . . . . . . . . . . . . . 10

*Sealed Appellee v. Sealed Appellant*, 825 F.3d 247
　　(5th Cir. 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*United States v. Alaniz*, 726 F.3d 586
　　(5th Cir. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*United States v. Bordeaux*, 997 F.2d 419
　　(8th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*United States v. Brattain*, 539 F.3d 445
　　(6th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*United States v. Castillo*, 140 F.3d 874
　　(10th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*United States v. Cherry*, 938 F.2d 748
　　(7th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*United States v. Donaldson*, 797 F.2d 125
　　(3d Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*United States v. Gavin*, 959 F.2d 788
　　(9th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*United States v. Harris*, 702 F.3d 226
　　(5th Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*United States v. Huerta*, 182 F.3d 361
    (5th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*United States v. Johnman*, 948 F.3d 612
    (3d Cir. 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*United States v. Lewis*, 412 F.3d 614
    (5th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*United States v. Lige*, 635 F.3d 668
    (5th Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*United States v. Lucas*, 157 F.3d 998
    (5th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*United States v. Mares*, 402 F.3d 511
    (5th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*United States v. Miranda*, 248 F.3d 434
    (5th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*United States v. Muniz*, 803 F.3d 709
    (5th Cir. 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*United States v. Olano*, 507 U.S. 725,
    113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) . . . . . . . . . . . . . . . . . . . . . . . . 11

*United States v. Ramos-Delgado*, 763 F.3d 398
    (5th Cir. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*United States v. Solis*, 299 F.3d 420
    (5th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*United States v. Torres-Hernandez*, 843 F.3d 203
    (5th Cir. 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*United States v. Trujillo*, 502 F.3d 353
    (5th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*United States v. Zuniga*, 720 F.3d 587
    (5th Cir. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

## <u>Constitutions And Statutes</u>

18 U.S.C. § 1470 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 3, 5, 12, 13, 18

18 U.S.C. § 2422 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 5, 8, 12, 17

18 U.S.C. § 2423 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 5, 12, 17, 18

28 U.S.C. § 1291 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Fed. R. App. Proc. 4 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

U.S.S.G. § 2A3.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4, 5, 6, 20, 21

U.S.S.G. § 4B1.5 . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3, 4, 5, 6, 16, 17, 18, 19, 20

TO THE HONORABLE COURT OF APPEALS:

EHAB SADEEK, the Appellant, brings this appeal from the final amended judgment and sentence rendered against him on June 9, 2022 by the United States District Court for the Southern District of Texas, the Honorable David S. Morales presiding.

## STATEMENT OF JURISDICTION

This Court has jurisdiction of this appeal from the final order and judgment of the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. § 1291. Notice of appeal was timely filed on May 19, 2022 pursuant to Rule 4 of the Federal Rules of Appellate Procedure. (ROA.139).

## STATEMENT OF THE ISSUES

The following points are issues that counsel has presented for review:

1. The district judge reversibly erred by ordering the appellant to pay $5,000.00 as an assessment pursuant to the Justice for Victims of Trafficking Act for a conviction of 18 U.S.C. § 1470, transfer of obscene materials to a minor.

2. The district judge reversibly erred by overruling the Appellant's objection to adding five levels to the combined adjusted offense level pursuant to USSG § 4B1.5(b)(1) because there was no pattern of activity involving prohibited sexual conduct.

3. The district judge reversibly erred by overruling the Appellant's objection to the cross reference to USSG § 2A3.1 because the Appellant did not use force against the complainant.

## STATEMENT OF THE CASE

The indictment alleged in Count One that the Appellant violated 18 U.S.C. § 2422(b) for enticement of a minor; alleged in Count Two that the Appellant violated 18 U.S.C. § 2423(b) for travel with intent to engage in illicit sexual conduct; and alleged in Count Three that the Appellant violated 18 U.S.C. § 1470 for transfer of obscene materials to a minor. (ROA.32). After a bench trial, the district judge found the Appellant guilty of all counts, contrary to his plea. (ROA.106). A judgment was entered on May 9, 2022, and an amended judgment entered on June 9, 2022 after a restitution hearing. (ROA.118, 131). The Appellant was sentenced to imprisonment for 405 months on Counts One and Two, and 120 months on Court Three to run concurrently with each other for a total of 405 months. (ROA.132). The Appellant was ordered to pay $42,153.82 in restitution, and he was ordered to pay a Justice for Victims of Trafficking Act assessment of $5,000.00 for each of Counts One through Three to be assessed consecutively for a total of $15,000.00. (ROA.136). The Appellant timely filed a notice of appeal. (ROA.127).

# SUMMARY OF THE ARGUMENT

## POINT ONE

The Appellant was convicted of Count Three that alleged the Appellant violated 18 U.S.C. § 1470 for transfer of obscene materials to a minor. The JVTA states that it applies to a person convicted of only one of the following offenses: (1) "under chapter 77 [18 USCS §§ 1581 et seq.] (relating to peonage, slavery, and trafficking in persons)"; (2) "chapter 109A [18 USCS §§ 2241 et seq.] (relating to sexual abuse)"; (3) "chapter 110 [18 USCS §§ 2251 et seq.] (relating to sexual exploitation and other abuse of children)"; (4) "chapter 117 [18 USCS §§ 2421 et seq.] (relating to transportation for illegal sexual activity and related crimes)"; or (5) "section 274 of the Immigration and Nationality Act (8 U.S.C. 1324) (relating to human smuggling)." The offense of transfer of obscene materials to a minor is codified under chapter 71, 18 U.S.C. §§ 1460-1470, relating to obscenity. This offense is not listed as one of the specific offenses under the JVTA. The district court, therefore, erred by assessing a special monetary assessment of $5,000.00 for Count Three.

## POINT TWO

The offenses in the case at bar occurred only in May 2020 rather than over a lengthy and substantial period of time and were therefore not a pattern of criminal conduct. USSG § 4B1.5 is located in Part B, Chapter 4 of the Guidelines which

covers recidivist adjustments to punish a pattern of criminal conduct occurring over a substantial period of time in Career Offenders and Criminal Livelihood cases, but the Appellant's case occurred only in May 2020 and so was not a substantial period of time. The district judge reversibly erred in denying the Appellant's objection to the 5 levels added to the combined adjusted offense level of 39 pursuant to the enhancement in USSG § 4B1.5(b)(1) because the offenses did not occur over a substantial period of time. The judgment and sentence should be reversed and this cause should be remanded for a new sentencing hearing.

## POINT THREE

The May 2, 2022 final Presentence Investigation Report improperly applied the cross reference of USSG § 2G1.3(c)(3) to § 2A3.1 to determine that the base offense level would be 30. The Appellant objected to this cross reference and argued the Appellant neither forced the complainant to commit sexual acts nor placed the complainant in fear while committing the sexual acts. There was insufficient relevant and sufficiently reliable evidence to prove the Appellant's crime was carried out with the use of force or by threatening or placing the complainant in fear as required by 18 U.S.C. §§ 2241, 2242, so the cross-reference was unwarranted. The district judge reversibly erred in applying the cross reference. The judgment and sentence should be reversed and this cause should be remanded for a new sentencing hearing.

## POINT ONE

**THE DISTRICT JUDGE REVERSIBLY ERRED BY ORDERING THE APPELLANT TO PAY $5,000.00 AS AN ASSESSMENT PURSUANT TO THE JUSTICE FOR VICTIMS OF TRAFFICKING ACT FOR A CONVICTION OF 18 U.S.C. § 1470, TRANSFER OF OBSCENE MATERIALS TO A MINOR.**

## POINT TWO

**THE DISTRICT JUDGE REVERSIBLY ERRED BY OVERRULING THE APPELLANT'S OBJECTION TO ADDING FIVE LEVELS TO THE COMBINED ADJUSTED OFFENSE LEVEL PURSUANT TO USSG § 4B1.5(b)(1) BECAUSE THERE WAS NO PATTERN OF ACTIVITY INVOLVING PROHIBITED SEXUAL CONDUCT.**

## POINT THREE

**THE DISTRICT JUDGE REVERSIBLY ERRED BY OVERRULING THE APPELLANT'S OBJECTION TO THE CROSS REFERENCE TO USSG § 2A3.1 BECAUSE THE APPELLANT DID NOT USE FORCE AGAINST THE COMPLAINANT.**

## STATEMENT OF FACTS REGARDING POINTS ONE THROUGH THREE

The indictment alleged in Count One that the Appellant violated 18 U.S.C. § 2422(b) for enticement of a minor; alleged in Count Two that the Appellant violated 18 U.S.C. § 2423(b) for travel with intent to engage in illicit sexual conduct; and alleged in Count Three that the Appellant violated 18 U.S.C. § 1470 for transfer of

obscene materials to a minor. (ROA.32). After a bench trial, the district judge found the Appellant guilty of all counts, contrary to his plea. (ROA.106).

The May 2, 2022 final Presentence Investigation Report (PSIR) at ¶ 41 added 5 levels to the combined adjusted offense level of 39 pursuant to the enhancement in USSG § 4B1.5(b)(1). (ROA.475). The Appellant objected to this enhancement and argued: (1) the offenses in the case at bar occurred only in May 2020 rather than over a lengthy period of time; and (2) 4B1.5 is located in Part B, Chapter 4 of the Guidelines which covers recidivist adjustments to punish a pattern of criminal conduct occurring over a substantial period of time in Career Offenders and Criminal Livelihood cases, but the Appellant's case occurred only in May 2020 and so was not a substantial period of time. (ROA.193-196, 341-342, 450-453, 493). In support of this objection, the Appellant cited *Sealed Appellee v. Sealed Appellant*, 825 F.3d 247, 256, 257 (5th Cir. 2016) (victim was 8 years old at first instance of sexual abuse which happened many times thereafter); *United States v. Brattain*, 539 F.3d 445 (6th Cir. 2008). The district court overruled the objection. (ROA.198).

The May 2, 2022 final Presentence Investigation Report (PSIR) at ¶ 20 applied the cross reference of USSG § 2G1.3(c)(3) to § 2A3.1 to determine that the base offense level would be 30. (ROA.473). The Appellant objected to this cross reference and argued the Appellant neither forced the complainant to commit sexual acts nor

placed the complainant in fear while committing the sexual acts. (ROA.338-340, 396-397, 429-430, 443-446). The district court overruled the objection. (ROA.198).

The district judge at sentencing recognized that the case at bar concerned "two separate days of sexual assault" for a single victim that all occurred in May 2020. (ROA.195). The first sexual assault occurred on the day the Appellant arrived in the victim's town and the second sexual assault occurred on the next day. (ROA.198). The district judge inquired if the government had a case that authorized this 5-level enhancement for merely one month of activity with a single victim. (ROA.197). The district court was aware of cases applying this enhancement for multiple victims or for offenses occurring over large period of times. *Id.* The district court overruled the objection. (ROA.198).

The Appellant was ordered to pay a Justice for Victims of Trafficking Act assessment of $5,000.00 for each of Counts One through Three to be assessed consecutively for a total of $15,000.00. (ROA.136). The Appellant objected that the sentence was greater than necessary under the factors of 18 U.S.C. § 3553. (ROA.296). The district court overruled the objection. *Id.*

## ARGUMENT AND AUTHORITIES IN
## SUPPORT OF POINT ONE

The Justice for Victims of Trafficking Act (JVTA), 18 U.S.C. § 3014, requires a special monetary assessment from all persons convicted of certain offenses under

certain federal laws. *United States v. Johnman*, 948 F.3d 612 (3d Cir. 2020). In *Johnman*, the defendant entered into a plea agreement admitting to the following: (1) Count One that the defendant violated 18 U.S.C. § 2422(b) for use of an interstate facility to entice a minor to engage in sexual conduct; (2) Count Two that the defendant violated 18 U.S.C. § 2252(a)(2) for distribution of child pornography; and (3) Count Three that the defendant violated 18 U.S.C. § 2252(a)(4) for possession of child pornography. *Id.* The plea agreement also stated that the punishment included "a $5,000 special victims assessment under 18 U.S.C. § 3014." *Id.* The district court explained the $15,000.00 assessment at the plea hearing. *Id.* The defendant did not object to the assessment. *Id.* The defendant argued on appeal that the JVTA allowed only one $5,000.00 assessment per case and not for each count of conviction. *Id.* The court of appeals held that the $5,000.00 assessment was for each count of conviction and affirmed the $15,000.00 total assessment. *Id.*

As the court recognized in *Johnman*:

> Congress has repeatedly passed legislation channeling proceeds collected from child sexual abusers to programs supporting victims. Most notably, in 1984, Congress created a mandatory special monetary assessment to fund the Crime Victims Fund. Victims of Crime Act of 1984, Pub. L. No. 98-473, § 1402, 98 Stat. 2170, 2170-71 (codified as amended at 34 U.S.C. § 20101). Under that Act, "[t]he court shall assess on any person convicted of an offense against the United States" an amount tied to the severity of the offense. *Id.* § 1405, 98 Stat. at 2174-75 (codified as amended at 18 U.S.C. § 3013). The monies

deposited into the Fund flow to eligible crime victim grant programs and antiterrorism efforts. 34 U.S.C. § 20101. Not surprisingly, questions about the meaning of the phrase "convicted of an offense" in § 3013 arose long ago. And some three decades back, we held that § 3013 requires one assessment per count of conviction. *See United States v. Donaldson*, 797 F.2d 125, 128 (3d Cir. 1986). In quick succession, the Supreme Court and several circuits reached the same conclusion, and the meaning of § 3013 was soon settled.

In 2015, Congress established the Domestic Trafficking Victims' Fund and, to provide financial support, created another special monetary assessment applicable to certain crimes involving human trafficking and child exploitation. Pub. L. No. 114-22, § 101, 129 Stat. 227, 228-30 (codified as amended at 18 U.S.C. § 3014). Those monies are then used to fund eligible trafficking victim and child abuse assistance programs. 18 U.S.C. § 3014. And relevant here, Congress used nearly identical language in § 3014 as it had in enacting § 3013.

*Id.*

The JVTA in effect during the Appellant's case stated, in relevant part:

(a) In general. Beginning on the date of enactment of the Justice for Victims of Trafficking Act of 2015 [enacted May 29, 2015] and ending on December 16, 2022, in addition to the assessment imposed under section 3013 [18 USCS § 3013], the court shall assess an amount of $5,000 on any non-indigent person or entity convicted of an offense under –

(1) chapter 77 [18 USCS §§ 1581 et seq.] (relating to peonage, slavery, and trafficking in persons);

(2) chapter 109A [18 USCS §§ 2241 et seq.] (relating to sexual abuse);

9

(3) chapter 110 [18 USCS §§ 2251 et seq.] (relating to sexual exploitation and other abuse of children);

(4) chapter 117 [18 USCS §§ 2421 et seq.] (relating to transportation for illegal sexual activity and related crimes); or

(5) section 274 of the Immigration and Nationality Act (8 U.S.C. 1324) (relating to human smuggling), unless the person induced, assisted, abetted, or aided only an individual who at the time of such action was the alien's spouse, parent, son, or daughter (and no other individual) to enter the United States in violation of law.

*Id.*

The JVTA does not allow district judges to impose an assessment of less than $5,000.00. *Id.* The assessment is mandatory given that the JVTA states "the court shall assess an amount of $5,000." 18 U.S.C. § 3014(a). A reviewing court "must presume that Congress 'says in a statute what it means and means in a statute what it says there.'" *Rotkiske v. Klemm*, ___U.S.___, 140 S.Ct. 355, 205 L.Ed.2d 291 (2019) (*quoting Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992)).

Generally, if there was no objection to a defendant's sentence during sentencing, this Court reviews a district judge's sentencing decision for plain error. *Johnson v. United States*, 520 U.S. 461, 466-67, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997); *United States v. Lewis*, 412 F.3d 614 (5th Cir. 2005); *United States v. Mares*, 402 F.3d 511 (5th Cir. 2005) (holding that the plain error standard applies when a

defendant first raises an issue as to the legality of his sentence on appeal); Fed. R. Crim. P. 52(b). The test for plain error is if: (1) error occurred; (2) the error was plain; and (3) the error affected substantial rights. *United States v. Olano*, 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). Plain error occurs only if the error was clear or obvious error, rather than one subject to reasonable dispute, that affected a defendant's substantial rights. *Puckett v. United States*, 556 U.S. 129, 129 S.Ct. 1423, 173 L.Ed.2d 266 (2009). If such a showing is made, a reviewing court has the discretion to correct a reversible plain error, but should generally do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id*.

In the case at bar, however, this issue on appeal is the reasonableness of the sentence. A defendant is not required to refer to the "reasonableness" of a sentence to preserve such a claim for appeal. *Holguin-Hernandez v. United States*, ___U.S.___, 140 S.Ct. 762, 206 L.Ed.2d 95 (2020). For a defendant raising this issue "to win on appeal, a defendant making such a claim must show that the trial court's decision was not 'reasonable.'" *Id.* "A defendant who, by advocating for a particular sentence, communicates to the trial judge his view that a longer sentence is 'greater than necessary' has thereby informed the court of the legal error at issue in an appellate challenge to the substantive reasonableness of the sentence." *Id.*

The Appellant was convicted of Count One that alleged the Appellant violated 18 U.S.C. § 2422(b) for enticement of a minor. (ROA.32). The JVTA states that it applies to a person convicted of an offense under "chapter 117 [18 USCS §§ 2421 et seq.] (relating to transportation for illegal sexual activity and related crimes)." Count One, therefore, is included under the JVTA, 18 U.S.C. § 3014, and the conviction of Count One requires a special monetary assessment of $5,000.00 for Count One.

The Appellant was convicted of Count Two that alleged the Appellant violated 18 U.S.C. § 2423(b) for travel with intent to engage in illicit sexual conduct. (ROA.32). The JVTA states that it applies to a person convicted of an offense under "chapter 117 [18 USCS §§ 2421 et seq.] (relating to transportation for illegal sexual activity and related crimes)." Count Two, therefore, is included under the JVTA, 18 U.S.C. § 3014, and the conviction of Count Two requires a special monetary assessment of $5,000.00 for Count Two.

The Appellant was convicted of Count Three that alleged the Appellant violated 18 U.S.C. § 1470 for transfer of obscene materials to a minor. (ROA.32). The JVTA states that it applies to a person convicted of only one of the following offenses: (1) "under chapter 77 [18 USCS §§ 1581 et seq.] (relating to peonage, slavery, and trafficking in persons)"; (2) "chapter 109A [18 USCS §§ 2241 et seq.] (relating to sexual abuse)"; (3) "chapter 110 [18 USCS §§ 2251 et seq.] (relating to

sexual exploitation and other abuse of children)"; (4) "chapter 117 [18 USCS §§ 2421 et seq.] (relating to transportation for illegal sexual activity and related crimes)"; or (5) "section 274 of the Immigration and Nationality Act (8 U.S.C. 1324) (relating to human smuggling)." The offense of transfer of obscene materials to a minor is codified under chapter 71, 18 U.S.C. §§ 1460-1470, relating to obscenity. This offense is not listed as one of the specific offenses under the JVTA. The district court, therefore, erred by assessing a special monetary assessment of $5,000.00 for Count Three. The judgment and sentence should be reversed and this cause should be remanded for a new sentencing hearing.

**ARGUMENT AND AUTHORITIES IN
SUPPORT OF POINT TWO**

A reviewing court applies a de novo standard of review regarding a district court's interpretation or application of the Sentencing Guidelines and applies a clear error standard regarding a district court's factual findings. *United States v. Torres-Hernandez*, 843 F.3d 203, 207 (5th Cir. 2016) (*quoting United States v. Lige*, 635 F.3d 668, 670 (5th Cir. 2011)). "In determining whether an enhancement applies, a district court is permitted to draw reasonable inferences from the facts, and these inferences are fact-findings reviewed for clear error as well." *United States v. Muniz*, 803 F.3d 709, 712 (5th Cir. 2015) (*quoting United States v. Ramos-Delgado*, 763 F.3d 398, 400 (5th Cir. 2014) (internal alterations and quotation marks omitted)). "A

factual finding is not clearly erroneous if it is plausible in light of the record as a whole." *United States v. Trujillo*, 502 F.3d 353, 356 (5th Cir. 2007) (*quoting United States v. Huerta*, 182 F.3d 361, 364 (5th Cir. 1999)).

"When making factual findings for sentencing purposes, district courts 'may consider any information which bears sufficient indicia of reliability to support its probable accuracy.'" *United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012) (*quoting United States v. Solis*, 299 F.3d 420, 455 (5th Cir. 2002)). Additionally, "[t]he sentencing court is free to consider all relevant evidence, even inadmissible evidence, in determining whether an adjustment is warranted so long as the evidence has . . . sufficient indicia of reliability to support its probable accuracy." *United States v. Alaniz*, 726 F.3d 586, 627 (5th Cir. 2013) (concluding district court did not err in denying two-level minor participant reduction) (*quoting United States v. Miranda*, 248 F.3d 434, 446 (5th Cir. 2001)). If the factual recitation in the PSR bears sufficient indicia of reliability, the defendant bears the burden of demonstrating that the PSR is inaccurate. *United States v. Zuniga*, 720 F.3d 587, 591 (5th Cir. 2013). "Rebuttal evidence must consist of more than a defendant's objection; it requires a demonstration that the information is 'materially untrue, inaccurate or unreliable.'" *Id*. (*citing Harris*, 702 F.3d at 230).

The government's psychotherapist witness at sentencing testified that he reviewed the complainant's Google Hangout chats with the Appellant, the

complainant's SANE interview, the complainant's Children's Advocacy Center (CAC) interview, and two reports from agents. (ROA.225-227). He admitted that the complainant chatted in a sexual manner with approximately 80 adults and provided her home address to approximately five men. (ROA.228-229). He stated that the complainant in the CAC interview claimed the Appellant pleaded with the complainant over and over again for her address, but he was unaware that this claim was inconsistent with the complainant in the chats providing her home address unsolicited to the Appellant and five other men. (ROA.229-231). When asked where in the records was there support for the complainant's claim at the CAC interview that she finally gave in and provided her address to the Appellant, the witness was unable to provide a record reference. (ROA.231).

He stated that the complainant at the CAC interview claimed that the Appellant told her to keep their relationship a secret, but he did not realize that the chats did not once indicate the Appellant told her to keep their relationship a secret. (ROA.232). He admitted that complainant told the Appellant to not tell his sister about their plans. (ROA.232). He could not explain why the complainant claimed the Appellant wanted her to keep their relationship a secret when the chats revealed the Appellant never asked her to keep this a secret. (ROA.233). He stated the complainant at the CAC interview claimed, when the Appellant was sexual with, her she was frozen in fear and shock and like a statue, yet the complainant wrote in her journal after the sexual

encounter that at the end of the night she gently pushed the Appellant away. (ROA.235). He admitted that after this sexual encounter the complainant wanted the Appellant to return to her and requested the Appellant bring her some food but to wait until the complainant told him when he could safely return to the back yard without her grandfather seeing the Appellant. (ROA.236-237). The complainant asked the Appellant to see her again after the first sexual encounter. (ROA.238).

The district judge did not make factual findings at the sentencing hearing. The district judge merely overruled the Appellant's objection after argument. (ROA.198). The district judge did not actually made findings. The sentencing proceeding does not indicate that the district judge intended to rule on the factual inaccuracies. A reviewing court, as a result, is unable to discern any factual bases of the district judge's sentencing rulings which would preclude meaningful appellate review of the district judge's overruling of the Appellant's objections to the PSIR.

USSG § 4B1.5(b)(1) states as follows:

> (b) In any case in which the defendant's instant offense of conviction is a covered sex crime, neither § 4B1.1 nor subsection (a) of this guideline applies, and the defendant engaged in a pattern of activity involving prohibited sexual conduct:

> (1) The offense level shall be 5 plus the offense level determined under Chapters Two and Three. However, if the

resulting offense level is less than level 22, the offense level shall be level 22, decreased by the number of levels corresponding to any applicable adjustment from § 3E1.1.

*Id.*

Comment Note 2 to § 4B1.5 states as follows regarding what is a covered sex crime:

> Covered Sex Crime as Instant Offense of Conviction. For purposes of this guideline, the instant offense of conviction must be a covered sex crime, i.e.: (A) an offense, perpetrated against a minor, under (i) chapter 109A of title 18, United States Code; (ii) chapter 110 of such title, not including trafficking in, receipt of, or possession of, child pornography, or a recordkeeping offense; (iii) chapter 117 of such title, not including transmitting information about a minor or filing a factual statement about an alien individual; or (iv) 18 U.S.C. § 1591; or (B) an attempt or a conspiracy to commit any offense described in subdivisions (A)(i) through (iv) of this note.

*Id.*

The Appellant was convicted of Count One that alleged the Appellant violated 18 U.S.C. § 2422(b) for enticement of a minor. (ROA.32). Enticement of a minor is a covered sex crime for purposes of § 4B1.5 because that offense is listed under chapter 117 which includes 18 U.S.C. § 2422. The Appellant was convicted of Count Two that alleged the Appellant violated 18 U.S.C. § 2423(b) for travel with intent to engage in illicit sexual conduct. (ROA.32). Travel with intent to engage in illicit

sexual conduct is a covered sex crime for purposes of § 4B1.5 because that offense is listed under chapter 117 which includes 18 U.S.C. § 2423.

The Appellant was convicted of Count Three that alleged the Appellant violated 18 U.S.C. § 1470 for transfer of obscene materials to a minor. (ROA.32). This offense does not constitute a covered sex crime for purposes of § 4B1.5 because that offense is not included under: (1) chapter 109A of title 18, United States Code; (2) chapter 110 of such title, not including trafficking in, receipt of, or possession of, child pornography, or a recordkeeping offense; (3) chapter 117 of such title, not including transmitting information about a minor or filing a factual statement about an alien individual; or (4) 18 U.S.C. § 1591. The offense of transfer of obscene materials to a minor is codified under chapter 71, 18 U.S.C. §§ 1460-1470, relating to obscenity. This offense is not listed as one of the above specific offenses, so Count Three is not a covered sex crime for purposes of § 4B1.5.

Comment Note 4 to § 4B1.5 states as follows regarding what is a pattern of activity:

> (B) Determination of Pattern of Activity.
>
> (i) In General. For purposes of subsection (b), the defendant engaged in a pattern of activity involving prohibited sexual conduct if on at least two separate occasions, the defendant engaged in prohibited sexual conduct with a minor.

> (ii) Occasion of Prohibited Sexual Conduct. An occasion of prohibited sexual conduct may be considered for purposes of subsection (b) without regard to whether the occasion (I) occurred during the course of the instant offense; or (II) resulted in a conviction for the conduct that occurred on that occasion.

*Id.*

The May 2, 2022 final Presentence Investigation Report (PSIR) at ¶ 41 added 5 levels to the combined adjusted offense level of 39 pursuant to the enhancement in USSG § 4B1.5(b)(1). (ROA.475). The Appellant objected to this enhancement and argued: (1) the offenses in the case at bar occurred only in May 2020 rather than over a lengthy period of time; and (2) 4B1.5 is located in Part B, Chapter 4 of the Guidelines which covers recidivist adjustments to punish a pattern of criminal conduct occurring over a substantial period of time in Career Offenders and Criminal Livelihood cases, but the Appellant's case occurred only in May 2020 and so was not a substantial period of time. (ROA.193-196, 341-342, 450-453, 493).

The district judge at sentencing recognized that the case at bar concerned "two separate days of sexual assault" for a single victim that all occurred in May 2020. (ROA.195). The first sexual assault occurred on the day the Appellant arrived in the victim's town and the second sexual assault occurred on the next day. (ROA.198). The district judge inquired if the government had a case that authorized this 5-level enhancement for merely one month of activity with a single victim. (ROA.197). The

district court was aware of cases applying this enhancement for multiple victims or for offenses occurring over large period of times. *Id.*

The offenses in the case at bar occurred only in May 2020 rather than over a lengthy and substantial period of time and were therefore not a pattern of criminal conduct. USSG § 4B1.5 is located in Part B, Chapter 4 of the Guidelines which covers recidivist adjustments to punish a pattern of criminal conduct occurring over a substantial period of time in Career Offenders and Criminal Livelihood cases, but the Appellant's case occurred only in May 2020 and so was not a substantial period of time. The district judge reversibly erred in denying the Appellant's objection to the 5 levels added to the combined adjusted offense level of 39 pursuant to the enhancement in USSG § 4B1.5(b)(1) because the offenses did not occur over a substantial period of time. The judgment and sentence should be reversed and this cause should be remanded for a new sentencing hearing.

## ARGUMENT AND AUTHORITIES IN SUPPORT OF POINT THREE

The May 2, 2022 final Presentence Investigation Report (PSIR) at ¶ 20 applied the cross reference of USSG § 2G1.3(c)(3) to § 2A3.1 to determine that the base offense level would be 30. (ROA.473). The Appellant objected to this cross reference and argued the Appellant neither forced the complainant to commit sexual acts nor

placed the complainant in fear while committing the sexual acts. (ROA.338-340, 396-397, 429-430, 443-446).

Force has been found in sex cases where, for instance, a prison warden's sexual abuse of a prisoner where the warden, who had almost complete control over the prisoner's life, and in a secluded and locked room, restrained the prisoner against a table during the sexual assault. *United States v. Lucas*, 157 F.3d 998, 1002 (5th Cir. 1998). This Court decided these facts presented force under § 2A3.1 because of the warden/prisoner power disparity combined with physical restraint. *Id*. This Court also held that fear under § 2242 can be inferred from a disparity in power between the victim and the defendant. *Id.*, 157 F.3d at 999.

Force has also been determined to have occurred in a sex assault case when, for instance, there existed a size/coercive power disparity between the defendant who was 6 feet tall, 200 lbs. and the victim who was sexually abused between the ages of 5 and 10 years old. *United States v. Bordeaux*, 997 F.2d 419, 420 (8th Cir. 1993). In that case, however, over the course of 5 years of abuse the defendant would tell the victim to go into the defendant's room, lay down on her side, look at the wall, and then the defendant would sodomize the victim. *Id*. The victim never refused because she knew the defendant would punish her. *Id*.

The following cases support the Appellant's argument that neither fear nor force occurred in the case at bar. In *United States v. Gavin*, 959 F.2d 788, 791 (9th

Cir. 1992), the court held that the fear element of § 2242 was not constitutionally vague as applied to the case where the defendant gave the victim an alcoholic beverage, the victim did not want to be left alone with the defendant because she was getting scared, the defendant isolated the victim in his vehicle, the victim tried to get away but the defendant locked the door, and after the sexual assault the victim was found on the ground sobbing hysterically.

In *United States v. Cherry*, 938 F.2d 748, 755 (7th Cir. 1991), the court held that the fear element of § 2242 was not constitutionally vague as applied to the case where defendant made a sexual advance toward the 13-year-old victim in the defendant's home, the victim became frightened and tried to leave, the defendant grabbed the victim who cried and told the defendant, "I don't want to do this. I want to go home," the defendant picked up the victim, sexually assaulted her, and told her she could not tell her family what had happened. In *United States v. Castillo*, 140 F.3d 874, 885 (10th Cir. 1998), the court found sufficient evidence in the light most favorable to the government for a § 2242 conviction where the victims had witnessed defendant physically abuse the victims' mother on numerous occasions and the defendant had physically abused one of the victims previously.

In the case at bar, the government's psychotherapist testimony indicated that there was neither fear nor force involved in this case. He admitted that the

complainant chatted in a sexual manner with approximately 80 adults and provided her home address to approximately five men. (ROA.228-229). He stated that the complainant in the CAC interview claimed the Appellant pleaded with the complainant over and over again for her address, but he was unaware that this claim was inconsistent with the complainant in the chats providing her home address unsolicited to the Appellant and five other men. (ROA.229-231). He stated that the complainant at the CAC interview claimed that the Appellant told her to keep their relationship a secret, but he did not realize that the chats between the Appellant and complainant did not once indicate the Appellant told her to keep their relationship a secret. (ROA.232). He admitted that complainant told the Appellant to not tell his sister about their plans. (ROA.232). He could not explain why the complainant claimed the Appellant wanted her to keep their relationship a secret when the chats revealed the Appellant never asked her to keep this a secret. (ROA.233).

He stated the complainant at the CAC interview claimed, when the Appellant was sexual with her, she was frozen in fear and shock and like a statue, yet the complainant wrote in her journal after the sexual encounter that at the end of the night she gently pushed the Appellant away. (ROA.235). He admitted that after this sexual encounter the complainant wanted the Appellant to return to her and requested the Appellant bring her some food but to wait until the complainant told him when he could safely return to the back yard without her grandfather seeing the Appellant.

(ROA.236-237). The complainant asked the Appellant to see her again after the first sexual encounter. (ROA.238).

In the case at bar, there is insufficient relevant and sufficiently reliable evidence to prove the Appellant's crime was carried out with the use of force or by threatening or placing the complainant in fear as required by 18 U.S.C. §§ 2241, 2242, so the cross-reference was unwarranted. The district judge reversibly erred in applying the cross reference. The judgment and sentence should be reversed and this cause should be remanded for a new sentencing hearing.

## CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, the Appellant prays this Court reverse the judgment and sentence of the trial court and remand this cause for a new sentencing proceeding.

Respectfully submitted,

GROSS & ESPARZA, P.L.L.C.

/s/ Michael C. Gross
Michael C. Gross
State Bar No. 08534480
lawofcmg@gmail.com
1524 North Alamo Street
San Antonio, Texas 78215
(210) 354-1919
(210) 354-1920 Fax

Attorney for the Appellant,
EHAB SADEEK

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of November, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to Carmen Mitchell, Assistant United States Attorney, carmen.mitchell@usdoj.gov, and I certify that there are no non-CM/ECF participants. The required privacy redactions have been made pursuant to 5th Cir. Rule 25.2.13. This electronic submission is an exact copy of the paper document pursuant to 5th Cir. Rule 25.2.1. This document has been scanned for viruses with the most recent version of a commercial virus scanning program and is free of viruses.

/s/ Michael C. Gross

## CERTIFICATE OF COMPLIANCE

1. The brief complies with the type-volume limitation imposed by Rule 32(a)(7)(B) of the Federal Rules of Appellate Procedure because the brief contains 6,875 words excluding the table of contents and table of authorities.

2. The brief complies with the typeface requirements of Rule 32(a)(5) of the Federal Rules of Appellate Procedure and the type style requirements of Rule 32(a)(6) of the Federal Rules of Appellate Procedure because this brief has been prepared in a proportionally spaced typeface using WordPerfect 6.1 in 14 point font and Times New Roman type style.

/s/ Michael C. Gross
Michael C. Gross,
Attorney for Ehab Sadeek

Dated: November 30, 2022